BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
STEVEN K. GAGE II, ESQ.
Nevada Bar No. 11966
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
email: *admin@sdlawoffice.net*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JORGE CUADRAS-BARRAZA, an individual;
CARLOS FLORES-PADILLA, an individual,

Plaintiffs,

vs.

GARY S. STRINGER, an individual; LINKS
LOGISTICS, LLC; DOES I-X; and ROE
CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: 2:13-cv-01627-GMN-VCF

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' NEGLIGENT ENTRUSTMENT CLAIM PURSUANT TO F.R.C.P. 12(b)(6)**

**AND ORDER**

Defendants move this Honorable Court to dismiss Plaintiffs' Negligent Entrustment claim pursuant F.R.C.P. 12(b)(6).

This Motion is made and based on the pleadings and papers on file herein and the points and authorities attached hereto.

/ / /

/ / /

/ / /

1

# I.

## Points & Authorities

### A. Motion to Dismiss Standard

Although the Court must draw all inferences in favor of the non-moving party, once it appears beyond a reasonable doubt that the plaintiff could prove no set of facts which entitle him to relief, a Motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted. <u>Rodriguez v. Panayiotou</u>, 314 F.3d 979, 983 (9th Cir. 2002). F.R.C.P. 12(b)(6) motions may be granted as to portions of a complaint. <u>Decker v. Massey-Ferguson, Ltd.</u>, 681 F.2d 111, 115 (2d Cir.1982).

### B. As a matter of law, because Defendants have admitted that Mr. Stringer was acting in the course and scope of his employment with Links Logistics, LLC; Plaintiffs' Negligent Entrustment claim must be dismissed.

The law in the District of Nevada is when a motor carrier admits its driver was acting in the course and scope of his employment at the time of a motor vehicle accident, the direct claim of Negligent Entrustment is not allowed. <u>Adele v. Dunn</u>, 2013 WL 1314944, at 2 (D.Nev. 2013).

This lawsuit is the result of a motor vehicle accident between Mr. Flores-Padilla and Mr. Stringer. At the time of the motor vehicle accident, Mr. Stringer was acting in the course and scope of his employment with Link Logistics, LLC.

On July 22, 2013, Plaintiffs filed a complaint in state court alleging the following causes of action:

1) Negligence;

2) Negligence per se; and

3) Negligent Entrustment.

There is no punitive damages claim. (Exhibit A).

After removing the case to this court, on October 14, 2013, Defendants answered the complaint and admitted that Mr. Stringer was acting within the course and scope of his employment with Links Logistics at the time of the motor vehicle accident. (Docket No. 9). (Exhibit B).

Therefore, because Defendants have admitted course and scope, Plaintiffs' Negligent Entrustment and Negligent Hiring causes of action must now be dismissed.

## II.

## Conclusion

Based on the above, Defendants move this Court for an order:

1. Dismissing Plaintiffs' Third Cause of Action: Negligent Entrustment; and
2. Striking Plaintiffs' Third Cause of Action from the Complaint.

DATED this _31_ day of _October_, 2013.

STEPHENSON & DICKINSON, P.C.

By: _____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
STEVEN K. GAGE II, ESQ.
Nevada Bar No. 11966
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
email: admin@sdlawoffice.net
Attorneys for Defendants

## **ORDER**

**IT IS SO ORDERED** this 15th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge

3

**EXHIBIT A**

Electronically Filed
07/22/2013 09:31:11 PM

CLERK OF THE COURT

COMP
JOSHUA R. LUCHERINI, ESQ.
Nevada Bar No. 11638
**JOSHUA R. LUCHERINI, CHTD**
3175 South Eastern Avenue
Las Vegas, NV 89169
lucherinilaw@gmail.com
Phone: (702) 608-3030
Facsimile: (702) 534-6354

Attorney for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JORGE CUADRAS-BARRAZA, an individual; )
CARLOS FLORES-PADILLA, an individual, )
                                          ) CASE NO. A-13-685639-C
        Plaintiff, )
vs. )  DEPT. NO. XXXII
                                          )
GARY S. STRINGER, an individual; LINKS )
LOGISTICS, LLC; DOES I – X; and ROE )  **COMPLAINT**
CORPORATIONS I - X, inclusive, )
        Defendants. )

       COMES NOW Plaintiffs JORGE CUADRAS-BARRAZA and CARLOS FLORES-PADILLA, by and through their attorney of record, JOSHUA R. LUCHERINNI, ESQ., and complains against Defendants as follows:

## GENERAL ALLEGATIONS

    1.    That Plaintiff JORGE CUADRAS-BARRAZA is, and at all times mentioned herein, was, a resident of the County of Clark, State of Nevada.

    2.    That Plaintiff CARLOS FLORES-PADILLA is, and at all times mentioned herein, was, a resident of the County of Clark, State of Nevada.

    3.    That Defendant GARY S. STRINGER is, and at all times mentioned herein, was, a resident of Utah.

    4.    That Defendant LINKS LOGISTICS, LLC is, and at all times mentioned herein, was, a

IAFD/7/22/2013

Colorado limited liability company doing business in County of Clark, State of Nevada.

5. That the true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

6. That at all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

7. That Plaintiff JORGE CUADRAS-BARRAZA is, and at all times mentioned herein, was the owner and operator of a 2003 Chrysler PT Cruiser.

8. That Defendant GARY S. STRINGER was at all times mentioned herein the operator of a 2011 Freightliner T700 (hereinafter referred to as the "Vehicle").

8. That Defendant LINKS LOGISTICS, LLC was at all times mentioned herein the owner of the Vehicle.

9. That on August 6, 2012, in Clark County, Nevada, Defendant GARY S. STRINGER — while in the course and scope of his employment with Defendant LINKS LOGISTICS, LLC — negligently failed to reduce speed and use due care, thereby causing a crash with Plaintiff.

10. That as a direct and proximate result of the negligence of Defendant GARY S. STRINGER, Plaintiffs sustained injuries to their shoulders, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiffs' damage in a sum in excess of $10,000 per Plaintiff.

IAFD/7/22/2013

11. That as a direct and proximate result of the negligence of Defendant GARY S. STRINGER, Plaintiffs received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiffs.

12. That as a direct and proximate result of the negligence of Defendant GARY S. STRINGER, Plaintiffs have been required to, and have limited occupational and recreational activities, which have caused and shall continue to cause Plaintiffs loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

13. That as a direct and proximate result of the negligence of Defendant GARY S. STRINGER, Plaintiff's vehicle was damaged and Plaintiff lost the use of that vehicle.

14. That as a direct and proximate result of the aforementioned negligent of all Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**

15. Plaintiffs incorporate paragraphs 1 through 14 of the Complaint as though said paragraphs were fully set forth herein.

16. Defendant GARY S. STRINGER owed Plaintiffs a duty of care to operate the Vehicle in a reasonable and safe manner. Defendant GARY S. STRINGER breached that duty of care by striking Plaintiff's vehicle on the roadway. As a direct and proximate result of the negligence of Defendant GARY S. STRINGER, Plaintiffs have been damaged in an amount in excess of $10,000.00, per Plaintiff.

**SECOND CAUSE OF ACTION**

17. Plaintiffs incorporate paragraphs 1 through 16 of the Complaint as though said

paragraphs were fully set forth herein.

18. The acts of Defendant GARY S. STRINGER as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiffs have been damaged as a direct and proximate result thereof in an amount in excess of $10,000.00, per Plaintiff.

### THIRD CAUSE OF ACTION

19. Plaintiffs incorporates paragraphs 1 through 18 of the Complaint as though said paragraphs were fully set forth herein.

20. Defendant LINKS LOGISTICS, LLC was the owner, or had custody and control of the Vehicle. That Defendant LINKS LOGISTICS, LLC did entrust the Vehicle to the control of Defendant GARY S. STRINGER.

21. That Defendant GARY S. STRINGER was incompetent, inexperienced, or reckless in the operation of the Vehicle.

22. That Defendant LINKS LOGISTICS, LLC actually knew or, by the exercise of Reasonable care, should have known that Defendant GARY S. STRINGER was incompetent, inexperienced, or reckless in the operation of motor vehicles.

23. That Plaintiffs were injured as a proximate consequence of the negligence and incompetence of Defendant GARY S. STRINGER.

24. That as a direct and proximate cause of the negligent entrustment of the Vehicle by Defendant LINKS LOGISTICS, LLC to Defendant GARY S. STRINGER, Plaintiffs have been damaged in an amount in excess of $10,000.00, per Plaintiff.

WHEREFORE, Plaintiffs expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

IAFD/7/22/2013

1. For general damages sustained by Plaintiffs in an amount in excess of $10,000.00, per plaintiff;
2. For special damages sustained by Plaintiffs in an amount in excess of $10,000.00, per plaintiff;
3. For property damages sustained by Plaintiffs;
4. For reasonable attorney's fees and costs;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED July 22, 2013.

**JOSHUA R. LUCHERINI, CHTD**

\_/s/ JOSHUA R. LUCHERINI\_\_\_

JOSHUA R. LUCHERINI, ESQ.
3175 South Eastern Avenue
Las Vegas, NV 89169

IAFD/7/22/2013

**EXHIBIT B**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
STEVEN K. GAGE II, ESQ.
Nevada Bar No. 11966
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
email: admin@sdlawoffice.net

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JORGE CUADRAS-BARRAZA, an individual; CARLOS FLORES-PADILLA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GARY S. STRINGER, an individual; LINKS LOGISTICS, LLC; DOES I-X; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | CASE NO.: 2:13-cv-01627-GMN-VCF <br><br> **ANSWER TO COMPLAINT AND JURY DEMAND** |

Defendants, GARY S. STRINGER and LINKS LOGISTRICS, LLC answer the Complaint as follows:

Defendants deny each and every allegation contained in the Complaint on file herein except as to the responses hereinafter set forth.

1-2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the assertions contained in these Paragraphs and therefore deny the same.

1

3-4.   The allegations of this Paragraph are admitted.

5.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the assertions contained in this Paragraph and therefore deny the same.

6.   Defendants admit that at the time of the August 6, 2012 motor vehicle accident, Mr. Stringer was an employee of Links Logistics, LLC and acting in the course and scope of his employment. Defendants deny the remaining allegations of this paragraph.

7.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the assertions contained in this Paragraph and therefore deny the same.

8.   Defendants admit that Mr. Stringer was operating a 2011 Freightliner Tractor/trailer at the time of the August 6, 2012 motor vehicle accident. Defendants deny the remaining allegations of this paragraph.

8.   Defendants deny each and every allegation contained in this Paragraph.

9.   Defendants admit that Mr. Stringer was in the course and scope of his employment with Links Logistics, LLC at the time of the August 6, 2012 motor vehicle accident.   Defendants deny the remaining allegations of this paragraph.

10-14.   Defendants deny each and every allegation contained in these Paragraphs.

### FIRST CAUSE OF ACTION

15.   Defendants incorporate by reference their answers to all prior Paragraphs as though fully set forth herein.

16.   Defendants object to Plaintiffs' characterization of their duty and allege that their duties are set by law. Defendants deny the remaining allegations of this paragraph.

### SECOND CAUSE OF ACTION

17.   Defendants incorporate by reference their answers to all prior Paragraphs as though fully set forth herein.

18. Defendants deny each and every allegation contained in this Paragraph.

### THIRD CAUSE OF ACTION

19. Defendants incorporate by reference their answers to all prior Paragraphs as though fully set forth herein.

20. Defendants admit that at the time of the August 6, 2012 motor vehicle accident, Links Logistics, LLC entrusted the 2011 Freightliner tractor to Mr. Stringer while he was in the course and scope of his duties. Defendants deny the remaining allegations of this paragraph.

21. Defendants deny each and every allegation contained in this Paragraph.

22. Plaintiffs' characterization of what Links Logistics, LLC knew or should have known about Mr. Stringer is ambiguous, vague, argumentative, and contrary to law; Therefore, Defendants deny.

23-24. Defendants deny each and every allegation contained in these Paragraphs.

### AFFIRMATIVE DEFENSES

1. The Complaint on file herein fails to state a claim against this Defendant upon which relief can be granted.

2. Defendants allege that at the time and place alleged in the complaint, Plaintiffs did not exercise ordinary care, caution or prudence to avoid said incident and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiffs.

3. Defendants allege the damages claimed by Plaintiffs were not proximately caused by the accident in question.

4. Plaintiffs have failed to mitigate their damages and, thus, their recovery, if any, should be reduced accordingly.

5. Pursuant to FRCP 11, as amended, all possible Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, Defendants reserve the right to amend their Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

6. Some of the foregoing Affirmative Defenses may have been pled for the purpose of non-waiver. Because these answering Defendants have not concluded discovery, they reserve the right to amend their answer to withdraw affirmative defenses if warranted.

## CONCLUSION

WHEREFORE, having fully answered the Complaint, Defendants demand judgment as follows:

1. The Plaintiffs take nothing by way of the Complaint on file herein;

2. The Defendants be awarded judgment against Plaintiffs;

3. For costs of suit and reasonable attorney's fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated this 14 day of October, 2013.

STEPHENSON & DICKINSON, P.C.

By: _____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
STEVEN K. GAGE II, ESQ.
Nevada Bar No. 11966
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
email: admin@sdlawoffice.net
Attorneys for Defendants