# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JORGE CUADRAS-BARRAZA, *et al.*,

        Plaintiffs,

vs.

GARY STRINGER, *et al.*,

        Defendants.

Case No. 2:13–cv–1627–GMN–VCF

**REPORT & RECOMMENDATION**

This matters involves a motor vehicle accident that occurred on Interstate 15 in Las Vegas, Nevada. Before the court is Defendant Gary Stringer's motion to amend his answer (#22[1]). Plaintiff Jorge Cuadras-Barraza opposed (#23); and Stringer replied (#26). For the reasons stated below, Stringer's motion should be denied.

## BACKGROUND[2]

On August 6, 2012, Gary Stringer was driving northbound on Interstate 15 in Las Vegas, Nevada. It was 6:28 p.m. Stringer was going approximately sixty miles per hour and was following six other vehicles going the same speed. Jorge Cuadras-Barraza was immediately in front of Stringer. For some unknown reason, the lead car stopped. A chain reaction resulted; and Stringer hit Cuadras-Barraza. This lawsuit resulted. Now, Stringer wishes to amend his answer to add the state-law affirmative defense of sudden emergency.

---

[1] Parenthetical citations refer to the court's docket.
[2] These facts were taken from the movant's memorandum.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The legal standard governing Rule 15 motions is akin to the legal standard governing motions to dismiss under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) provide that a complaint's allegations must cross "the line from conceivable to plausible" to satisfy Rule 8's requirements. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 546 (characterizing the line as separating "possibility and plausibility"). The Court prescribed a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "speculative," *see Twombly*, 550 U.S. at 555, "merely consistent with liability," *Iqbal*, 556 U.S. at 678, "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim, *id*. at 681, or couch legal conclusions as factual allegations. *Id*. at 697.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)). When the allegations in the complaint have not crossed the line from conceivable to plausible, it must be dismissed. *Twombly*, 550 U.S. at 570.

**DISCUSSION**

Where, as here, the court sits in diversity jurisdiction, "state law defines the nature of the defenses, [while] the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised." *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982). Stringer argues that his motion to amend to add the affirmative defense of "sudden emergency" should be granted primarily because the motion is procedurally proper. In response, Cuadras-Barraza argues that the motion should be denied because the defense is futile under state law. The court agrees.

Under Nevada law, the test for whether defendants' conduct was negligent is whether there was a foreseeable and unreasonable risk of harm from that conduct. *Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008). The determination of what constitutes reasonable behavior is contextual: "a person confronted with a sudden emergency that deprives him of time to contemplate the best reaction cannot be held to the same standard of care and accuracy of choice as one who has time to deliberate." *Salinas v. United States*, 9 F. App'x 662, 663 (9th Cir. 2001) (citing *Myhaver v. Knutson*, 189 Ariz. 286, 942 P.2d 445, 447 (1997)); *see also Posas v. Horton*, 126 Nev. 12, 228 P.3d 457, 459 (2010) ("Since case law in Nevada is sparse, we will review the [sudden emergency] doctrine in Nevada and other jurisdictions."). Accordingly, a defendant faced with an emergent situation

3

is required to exercise ordinary care to avoid harm but not the same degree of care as someone who is not faced with an emergent situation.

In *Posas v. Horton*, the Supreme Court of Nevada reviewed the sudden-emergency doctrine to clarify when a sudden-emergency instruction should be given. *Id*. In *Posas*, the plaintiff was driving in her car when she suddenly stopped to avoid hitting a jaywalking pedestrian. *Id*. The defendant, who was driving immediately behind the plaintiff, failed to stop in time and rear-ended the plaintiff. *Id*. So too here: the plaintiff was driving in a line of cars when someone in front of him suddenly stopped. As in *Posas*, the defendant here was driving immediately behind the plaintiff, failed to stop in time, and rear-ended the plaintiff. (*See generally* Def.'s Mot. to Amend #22); (Pl.'s Opp'n #23).

Reviewing these facts, the Supreme Court of Nevada decided to follow the Supreme Court of Oregon, and stated, "[w]e doubt that an emergency charge should ever be given in an ordinary automobile accident case." *Posas*, 228 P.3d at 460. (citing *Templeton v. Smith*, 88 Or. App. 266, 744 P.2d 1326 (1987)). Under *Posas*, Stringer's motion to amend is futile. *Foman*, 371 U.S. at 182. This case, like *Posas*, involves an ordinary automobile accident. Similarly, this case, like *Posas*, involves a plaintiff alleging negligence by a defendant who rear-ended the plaintiff.

Stringer made no attempt to distinguish this case from *Posas*, which controls the court's consideration of Stringer's affirmative defense. *Healy Tibbitts*, 679 F.2d at 804. Rather, Stringer merely argues that Cuadras-Barraza's version of the facts is "premature at best" and "may be [in]accurate at worst" because discovery is ongoing. (*See* Reply (#26) at 2:7). This argument is unavailing for two reasons. First, there is no factual dispute. Stringer's motion and Cuadras-Barraza's opposition state the same facts. (*See generally* Def.'s Mot. to Amend #22); (Pl.'s Opp'n #23). Second, Stringer—not Cuadras-Barraza—bears the burden under Rule 15. *See Farina*, 256 F.Supp.2d at 1061 (stating that the legal standard governing Rule 15 motions is akin to the legal standard governing motions to dismiss

under Rule 12(b)(6)). Here, Stringer failed to demonstrate that his affirmative defense crosses "the line from conceivable to plausible," which is what Rule 15 requires. *Id*.

Therefore, Stringer's motion to amend should be denied. Discovery does not close until November 7, 2014. If additional discovery reveals facts which form a basis for distinguishing this case from *Posas*, Stringer may file a renewed motion to amend his answer.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Defendant Gary Stringer's motion to amend (#22) be DENIED.

IT IS SO RECOMMENDED.

DATED this 6th day of June, 2014.

                                                                                CAM FERENBACH
                                                                                UNITED STATES MAGISTRATE JUDGE