**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JORGE CUADRAS-BARRAZA, an individual; CARLOS FLORES-PADILLA, an individual, <br><br>                    Plaintiffs, <br><br>vs. <br><br>GARY S. STRINGER, an individual; LINKS LOGISTICS, LLC; DOES I-X; and ROE CORPORATIONS I-X, inclusive, <br><br>                    Defendants. | 2:13-cv-01627-GMN-VCF <br><br><br>**REPORT & RECOMMENDATION** |

Before the court is Defendants' Motion for Sanctions Against Carlos Flores-Padilla for Failure to Comply with Discovery. (#28). The parties report that Plaintiff Carlos Flores-Padilla has been deported from the United States. Given Plaintiff Flores-Padilla's deportation, he has not attended his medical evaluation and deposition. On September 22, 2014, the court held a hearing this matter.

**Request for Sanctions- Default Judgment:**

Defendants request sanctions on Defendant Carlos Flores-Padilla pursuant to Federal Rules of Civil Procedure 37(c).

Fed. R. Civ. P. 37(c) states:
   (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

>   (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Rule 37(b)(2)(A) states that "[i]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

The Ninth Circuit has enumerated a five-part test to determine whether sanctions under Rule 37(b)(2)(A)(vi) are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482. F.3d 1091, 1096 (9th Cir. 2007) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citations omitted); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998) (citation omitted); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (identifying similar factors to be considered before granting default judgment under Rule 55(b)).

Plaintiff Flores-Padilla filed an opposition to Defendants' Motion for Sanctions for Failure to Comply with Discovery. (#29). Plaintiff Flores-Padilla does not state any opposition to Defendant's Motion for Sanctions for Failure to Comply with Discovery but rather admits that he failed to appear for his medical evaluation and deposition. *Id.*

**Analysis:**

Here, given that Plaintiff Carlos Flores-Padilla is deported from the United States and has failed to attend his medical evaluation and deposition, he has caused delays in discovery and the expeditious resolution of the case, and this factor weighs in favor of sanctions. Plaintiff Flores-Padilla's deportation has caused a halt in this case which hinders this court ability to manage its docket. This weighs in favor of dispositive sanctions. There is significant risk of prejudice to the Defendant with Plaintiff Flores-Padilla's deportation. "[P]rejudice is presumed from an unreasonable delay, and the burden to show actual prejudice shifts to the party seeking the sanction only after the responding party has given a nonfrivolous excuse for the delay." *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir.1998).

With Plaintiff's deportation from this country, it is clear that less drastic sanctions are not available and default judgment is appropriate. "Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Hernandez*, 138 F.3d at 399. "Only willfulness, bad faith, and fault justify terminating sanctions," and "[t]he most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen. Life Ins.*, 482. F.3d 1091, 1096-1097. The public policy favors disposition of cases on their merits. The court recognizes, however, that Plaintiff Flores-Padilla's deportation have interfered with the expeditious resolution of the

3

case and has hindered Defendant's ability to discover all the facts of the case, as such, sanctions are appropriate.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Defendants' Motion for Sanctions Against Carlos Flores-Padilla for Failure to Comply with Discovery be granted and Plaintiff Flores-Padilla's claims be dismissed under Fed. R. Civ. P. 37(c). At this time Fed. R. Civ. P. 54(b) certification is not recommended. Defendants may apply for Fed. R. Civ. P. 54(b) certification after the Joint Pretrial Order is filed.

Dated this 26th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE