**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JORGE CUADRAS-BARRAZA, *et al.*,

    Plaintiffs,

vs.

GARY STRINGER, *et al.*,

    Defendants.

Case No. 2:13–cv–1627–GMN–VCF

**<u>ORDER</u>**

    This matters involves a motor vehicle accident that occurred on Interstate 15 in Las Vegas, Nevada. Before the court is Defendant Gary Stringer's Renewed Motion to Amend (#35[1]). Plaintiff Jorge Cuadras-Barraza opposed (#39); and Stringer replied (#40). For the reasons stated below, Stringer's motion is granted.

## BACKGROUND

    On August 6, 2012, Gary Stringer was driving northbound on Interstate 15 near Apex, Nevada. Apex is located fifteen miles north of Las Vegas. It is rural, home to one of the world's largest landfills, and the posted speed limit through Apex is 75 miles per hour.

    At 6:28 p.m., Stringer drove through Apex in the fast lane below the speed limit. Jorge Cuadras-Barraza was immediately in front of Stringer and both vehicles were traveling at the same speed. There were no businesses in the area, no broken down cars along the shoulder, no pedestrians along the highway,

---

[1] Parenthetical citations refer to the court's docket. Although Stringer's motion is styled as a Motion to Reconsider, the court treats it as a Renewed Motion to Amend because the motion was filed under the terms of the court's prior order, which granted Stringer leave to "file a renewed motion to amend his answer." (*See* Doc. #27 at 5:3–6).

and no debris in the roadway. In short, there was no reason to stop. Nonetheless, for some unknown reason, a third car traveling in front of Cuadras-Barraza stopped. A chain reaction resulted and Stringer rear-ended Cuadras-Barraza. This accident marked Cuadras-Barraza's third accident in which he was struck from behind. This lawsuit followed.

On April 28, 2014, Stringer filed a Motion to Amend his answer to add the state-law affirmative defense of sudden emergency. As previously discussed, (*see generally* Doc. #27), the court denied Stringer's Motion to Amend with leave to renew because Stringer failed to distinguish this action from *Posas v. Horton*, 126 Nev. 12, 228 P.3d 457, 459 (2010). In *Posas*, the plaintiff had to suddenly stop to avoid hitting a jaywalking pedestrian. *Id*. The defendant, who was driving immediately behind the plaintiff, also failed to stop in time and rear-ended the plaintiff. *Id*. The court stated, "[w]e doubt that an emergency charge should ever be given in an ordinary automobile accident case." *Posas*, 228 P.3d at 460. (citing *Templeton v. Smith*, 88 Or. App. 266, 744 P.2d 1326 (1987)). Because Stringer's original Motion to Amend was predicated on a set of facts indicating that the accident was "an ordinary automobile accident," the court applied *Posas* and denied Stringer's Motion to Amend.

However, this court also stated that "[d]iscovery does not close until November 7, 2014. If additional discovery reveals facts which form a basis for distinguishing this case from *Posas*, Stringer may file a renewed motion to amend his answer." (Doc. #27 at 5:3–6). On October 13, 2014, Stringer filed the instant Motion for Reconsideration.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny

2

leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Where, as here, a defendant moves to amend his or her answer to add an affirmative defense, the legal standard governing the court's inquiry under Rule 15 is governed by *Conley v. Gibson*, 355 U.S. 41 (1957). *See F.T.C. v. AMG Servs., Inc.*, *et al.*, No. 2:12–cv–536–GMN–VCF, 2014 WL 5454170, at *4 –*7 (D. Nev. Oct. 27, 2014) (discussing the appropriate legal standard governing pleading affirmative defenses).

## DISCUSSION

Stringer's motion is granted for three reasons. First, Stringer complied with the court's previous order and distinguished this action from *Posas.* As previously presented to this court, Stringer's accident was "an ordinary automobile accident." (*See generally* Doc. #27 at 4). Now, however, Stringer produced facts indicating that the accident may have been staged, including the facts that Apex is rural, there were no impediments or debris in the road, all three cars were traveling at or below the posted speed limit, and this accident marked Cuadras-Barraza's third accident in which he was struck from behind. These facts indicate that the accident may have been staged. (*See* Doc. #35 at 2). These facts are distinguishable from *Posas*. Additionally, these facts satisfy *Conley*, which merely request an affirmative defense to provide "fair notice" to the defendant. *See F.T.C. v. AMG Servs.*, 2014 WL 5454170, at *8 (citing *Conley*, 355 U.S. at 47–48).

Second, the court is unpersuaded by Cuadras-Barraza's argument that Stringer's motion should be denied because he was cited as "at fault" for the accident. (*See* Doc. #39). Under Rule 15, the court is not tasked with weighing the merits of a party's proposed amended claims or defenses. Rather, the court is instructed to permit amendment "freely" as "justice so requires." *See* FED. R. CIV. P 15. The court only

considers the merits of a proposed claim or defense if the party opposing the motion asserts that amendment would be futile. Here, satisfying that standard would require Cuadras-Barraza to demonstrate that Stringer's proposed affirmative defense does not provide "fair notice" or that "not set of facts" supports the defense. *See F.T.C. v. AMG Servs.*, 2014 WL 5454170, at *8. Cuadras-Barraza failed to make this showing.

Third, the court is also unpersuaded by Cuadras-Barraza's argument that Stringer's motion should be denied because it does comply with Rules 59 and 60. These rules are inapplicable here. As discussed above, the court expressly granted Stringer leave to renew his motion to amend if discovery revealed facts distinguishing this case from *Posas*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Gary Stringer's Renewed Motion to Amend (#35) is GRANTED.

IT IS FURTHER ORDERED that Gary Stringer FILE the Amended Answer before December 19, 2014.

IT IS SO ORDERED.

DATED this 9th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE